IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXCENTUS CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-CV-483 |
| THE KROGER CO., | § § | |
| Defendant. | § § | |

**THE KROGER CO.'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING
THE OHIO COURT'S RESOLUTION OF WHICH CASE SHOULD PROCEED**

**I.    INTRODUCTION**

Well-established Fifth Circuit precedent requires that where two cases substantially overlap, the second-filed court should defer to the first-filed court's decision as to which case should proceed.[1] Excentus concedes that Kroger filed suit in Ohio ("Ohio Action") before Excentus filed this case ("Texas Action").[2] Nonetheless, Excentus asks the Court to disregard the Fifth Circuit's first-to-file rule based on two flawed arguments.

First, Excentus argues that the first-to-file rule should not require this Court to defer to the first-filed Ohio court's decision on venue because it contends that the Ohio Action was "anticipatory." But as explained below, even if the Ohio Action was anticipatory—which it was not—the second-filed court must still defer to the first-filed court's decision on venue. Excentus' argument simply ignores the law. Second, Excentus argues that even if the first-to-file rule applies here, there is no substantial overlap between the Ohio Action and the Texas Action.

---

[1] *See, e.g.*, *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 948 (5th Cir. 1997); *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997); *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971).

[2] Excentus agrees that Kroger filed the Ohio Action two hours and five minutes before Excentus filed this Texas Action. Excentus' Resp. at 1 (Dkt. No. 11).

But this argument fails in view of the fact that (1) every patent in the Texas Action is also at issue in the Ohio Action, and (2) Excentus states in its First Amended Complaint that "all the non-patent infringement claims are so related to the patent infringement claims that they form the same case or controversy under Article III of the United States Constitution."[3] There is thus no question that substantial overlap exists between the Texas Action and the Ohio Action.

In short, Excentus fails to supply a valid legal or factual basis for the Court to ignore the Fifth Circuit's first-to-file rule.[4] Moreover, both parties have already filed motions in the Ohio Action asking Judge Beckwith to decide which action should proceed.[5] Accordingly, for reasons of comity and judicial efficiency, Kroger respectfully requests that the Court apply the Fifth Circuit's first-to-file rule and stay this action pending a decision by Judge Beckwith in the Ohio Action as to which action should proceed.

## II. UNDER THE FIFTH CIRCUIT'S FIRST-TO-FILE RULE, THIS COURT SHOULD STAY THE TEXAS ACTION UNTIL JUDGE BECKWITH DECIDES WHICH CASE SHOULD PROCEED EVEN IF THE OHIO ACTION WAS "ANTICIPATORY"

Excentus' argument that the first-to-file rule should not apply to this case because the Ohio Action is allegedly "anticipatory" is wrong on both the facts and the law. As an initial matter, Kroger legitimately filed the Ohio Action four days after licensing negotiations between the parties expired.[6] What Excentus fails to mention in its Response brief is that the only reason

---

[3] Excentus' First Am. Compl., Dkt. No. 9, at 1–2.

[4] Although Excentus also argues that this case should be litigated in Texas for the convenience of one of the inventors, this issue is irrelevant to the Court's decision on Kroger's Motion to Stay; it relates only to the venue decision that is properly before the Ohio court.

[5] *See* Kroger's Motion to Enjoin Excentus from Prosecuting the Texas Action, *Kroger Co. v. Excentus Corp.*, No. 1:10-CV-161 (S.D. Ohio filed Mar. 31, 2010) (Dkt. No. 9), App. at 22–38; Excentus' Motion to Change Venue or Stay, *Kroger Co. v. Excentus Corp.*, No. 1:10-CV-161 (S.D. Ohio filed Apr. 9, 2010) (Dkt. No. 13).

[6] *See* Excentus Resp. at 2 (noting that licensing letter from Excentus to Kroger set a response deadline of March 5, 2010, four days **before** Kroger filed the Ohio Action). *See also Wells Fargo Bank, N.A. v. W. Coast Life Ins. Co.*, 631 F. Supp. 2d 844, 847–48 (N.D. Tex. 2009) (rejecting similar forum-shopping argument, finding that a motion to transfer in the first-filed court is the "proper course for handling a forum dispute, rather than filing a subsequent lawsuit based on the same facts and involving the same parties in a different forum in order to force a change of venue").

it was able to file its complaint in this Court within hours of Kroger's filing was because Kroger immediately informed Excentus about the Ohio filing as a courtesy to Excentus.[7] It was Excentus—not Kroger—that raced to the courthouse after "cobbling together" a complaint, as further evidenced by Excentus' attempt to mask the substantial overlap between the Texas and Ohio Actions by later amending its complaint to include three state law counts.[8] The Ohio Action is not "anticipatory."

More importantly, the first-to-file rule would still apply to the procedural question of *which* court decides venue even if the first-filed case was "anticipatory." In its preliminary argument, Excentus cites two district court cases[9] allegedly supporting the notion that the first-to-file rule should not be applied here because Kroger "raced to the Courthouse and filed its declaratory judgment complaint two hours and five minutes prior to Excentus commencing the present action."[10] However, neither case supports Excentus' argument because the rendering court in each decision was either the first-filed or only-filed court.[11] Indeed, both cases actually support Kroger and illustrate the Fifth Circuit precedent that Excentus completely ignores: Where two actions substantially overlap, the first-filed court determines which of the two actions should proceed.[12]

---

[7] *See* Kroger's Motion to Enjoin Excentus from Prosecuting the Texas Action, *Kroger Co. v. Excentus Corp.*, No. 1:10-CV-161 (S.D. Ohio filed Mar. 31, 2010) (Dkt. No. 9 at 5), App. at 26.

[8] *See* Excentus' First Am. Compl., Dkt. No. 9, ¶¶ 35–42 (alleging state law counts of "misappropriation and theft of trade secrets," "common law misappropriation," and "imposition of a constructive trust").

[9] *See* Excentus' Resp. at 5–6 (*citing Paragon Indus., L.P. v. Denver Glass Mach., Inc.*, No. 3:07-CV-2183, 2008 U.S. Dist. LEXIS 65665 (N.D. Tex. Aug. 22, 2008); *Mill Creek Press, Inc. v. Thomas Kinkade Co.*, No. 3:04-CV-1213, 2004 U.S. Dist. LEXIS 31100 (N.D. Tex. Nov. 16, 2004)).

[10] *Id.* at 4.

[11] *See Paragon*, 2008 U.S. Dist. LEXIS 65665, at *2–3, 11–14 (discussing the first-to-file rule as part of "Plaintiff's Choice of Forum" factor in analyzing defendant's motion to transfer venue under 28 U.S.C. § 1404(a)); *Wells Fargo*, 631 F. Supp. 2d at 848 n.7 ("Finally, *Paragon* decided a motion to transfer filed under 28 U.S.C. § 1404(a). It did *not* decide between two competing lawsuits as the instant Plaintiff is asking this Court to do."); *Mill Creek*, 2004 U.S. Dist. LEXIS 31100, at *10, 13–14 (first-filed court deciding which of two substantially-overlapping actions should proceed) (*citing Cadle*, 174 F.3d at 605–06; *Save Power*, 121 F.3d at 950; *Mann*, 439 F.2d at 407).

[12] *See, e.g.*, *Cadle*, 174 F.3d at 604; *Save Power*, 121 F.3d at 948; *Sutter*, 125 F.3d at 920; *W. Gulf*, 751 F.2d at 729; *Mann*, 439 F.2d at 407.

This rule is further illustrated in another case relied on by Excentus: *Save Power Limited v. Syntek Finance Corp.*[13] In *Save Power*, the Fifth Circuit held that where actions substantially overlap, "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."[14] Thus, under the authority Excentus cites, once this Court finds substantial overlap, it is the first-filed Ohio court that should make any further determinations. The Fifth Circuit stated the rule similarly in *Mann Manufacturing, Inc. v. Hortex, Inc.*: "Once the likelihood of substantial overlap between the two suits had been demonstrated, it was no longer up to the [second-filed] court in Texas to resolve the question of whether both should be allowed to proceed."[15] Accordingly, in the circumstances presented here, because the Ohio and Texas Actions substantially overlap, it is the first-filed Ohio court that should decide which of the Actions should proceed.

Excentus' other introductory argument—that the relatively short "temporal proximity between the filings" somehow gives the Court reason to ignore Fifth Circuit law—is likewise misguided.[16] Excentus cites no authority for this proposition. Moreover, this very argument was expressly rejected by several decisions cited in Kroger's motion finding that a filing time difference of mere minutes does not change the first-to-file analysis.[17]

---

[13] Excentus' Resp. at 5 (citing *Save Power*, 121 F.3d at 950–51).

[14] *Save Power*, 121 F.3d at 950.

[15] *Mann*, 439 F.2d at 408.

[16] Excentus' Resp. at 1–2.

[17] *See* Kroger's Mot. at 6 n.26 (*citing, e.g.*, *Eastman Med. Prods., Inc. v. E.R. Squibb & Sons, Inc.*, 199 F. Supp. 2d 590, 595 (N.D. Tex. 2002) ("Squibb tacitly argues that, because the two cases were filed 'almost simultaneously,' the 'first to file' rule is less important. The case law does not support this view."); *Motorola, Inc. v. Research in Motion Ltd.*, No. 2:08-CV-69 (E.D. Tex. Oct. 17, 2008) (second-filed court transferring overlapping case under first-to-file rule even though filings were only 22 minutes apart)).

### III. BECAUSE THE PARTIES AND ISSUES IN THE OHIO AND TEXAS ACTIONS SUBSTANTIALLY OVERLAP, THE FIRST-TO-FILE RULE APPLIES

Even though Excentus amended its complaint in the Texas Action to include causes of action under state law, the Ohio and Texas Actions still substantially overlap.  The only four patents at issue in the Texas Action are also at issue in the Ohio Action, and Excentus admits that the remaining state law claims in the Texas Action form the same case or controversy.[18]  The fact that there are additional parties and patents at issue in the Ohio Action does not eliminate this substantial overlap.

Excentus cites one case from this Court, *L-3 Communications Integrated Systems, L.P. v. Lockheed Martin Corp.*, to support its narrow reading of "substantial overlap."[19]  That case, however, is easily distinguished on its facts and procedural history from this one.  In *L-3*, the Court considered whether L-3's claims of antitrust and tortious interference filed in Texas substantially overlapped with its claims of trade secret misuse and breach of license agreement asserted in Georgia.[20]  The Court found that L-3's claims in the Texas action did not substantially overlap with those brought in the Georgia action because:  (1) the Texas action claims were unrelated to L-3's "data rights," which formed the basis of its Georgia action claims; (2) the Texas action claims were based on operative facts occurring well *after* the Georgia action was filed; (3) the judge in the Georgia action had already denied L-3's motion to add the Texas action claims to the Georgia action because they did not arise from the same operative facts; and (4) the advanced stage of litigation in the Georgia action compared to the infancy of the Texas action would minimize any potential for conflicting rulings.[21]

---

[18] Excentus' First Am. Compl., Dkt. No. 9, at 1–2.

[19] Excentus' Resp. at 6–7 (*citing L-3 Commc'ns Integrated Sys., L.P. v. Lockheed Martin Corp.*, No. 3:07-CV-431, 2008 WL 89659 (N.D. Tex. Jan. 8, 2008)).

[20] *L-3*, 2008 WL 89659, at *2.

[21] *Id.* at *2–3.

None of the *L-3* facts are present in this case, however. Unlike the situation in *L-3*, the two actions between Kroger and Excentus both involve determining the meaning, validity, and infringement of the ***same four patents***. Should these two actions proceed in parallel, both this Court and the Ohio court will undeniably be asked to decide identical issues for at least these four patents. As for the non-patent claims Excentus added to the Texas Action, Excentus contends that "this Court has supplemental jurisdiction over the non-patent infringement claims . . . because all the non-patent infringement claims are ***so related to the patent infringement claims that they form the same case or controversy***."[22] Thus, Excentus' pleading confirms that the Ohio and Texas Actions substantially overlap because the patent claims and non-patent claims involve common subject matter.[23] Also unlike the situation in *L-3*, the operative facts underlying both the Ohio and Texas Actions occurred before either lawsuit was filed. Finally, unlike the situation in *L-3*, the Ohio and Texas Actions are both in their infancy; they were both filed on the same day, neither Court has issued any rulings with regard to any asserted claim, and neither is more advanced than the other.[24]

In fact, the situation presented here is much closer to *Mann*, in which the Fifth Circuit applied the first-to-file rule after finding substantial overlap between two patent cases: a

---

[22] Excentus' First Am. Compl., Dkt. No. 9, at 1–2 (emphasis added).

[23] *See Staton Holdings, Inc. v. Fruit of the Loom, Texas, Inc.*, No. 3:04-CV-2283, 2005 U.S. Dist. LEXIS 3535, at *6 (N.D. Tex. Mar. 8, 2005) (Boyle, J.) (noting that the parties and issues need not be identical and that substantial overlap exists when the two actions involve closely-related questions or common subject matter); *Wells Fargo*, 631 F. Supp. 2d at 847 (transferring case under first-to-file rule where many of the same parties and same legal issues involved).

[24] Excentus additionally contends, without authority, that because the Ohio Action contains additional parties, the overlap analysis is somehow changed. Once again, Excentus is off-base. As far as parties are concerned, the Ohio Action completely subsumes the Texas Action. Furthermore, the parties need not be identical for there to be substantial overlap, and the additional parties in Ohio do not diminish overlap. *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 181–83 (1952) (affirming consolidation of two overlapping actions: first-filed action involved C-O-Two, Acme, and Kerotest, whereas second-filed action involved only Kerotest and C-O-Two: "the whole of the war and all the parties to it are in the [first-filed] Chicago theatre and there only can it be fought to a finish as the litigations are now cast. On the other hand if the battle is waged in the [second-filed] Delaware arena there is a strong probability that the Chicago suit nonetheless would have to be proceeded with for Acme is not and cannot be made a party to the Delaware litigation.").

declaratory judgment action filed in New York and a patent infringement action filed in Texas.[25] In *Mann*, the first-filed action was filed by Goodrich in New York as to Mann's '405 patent.[26] Shortly thereafter, Mann filed suit in Texas alleging Goodrich infringed Mann's '405 patent.[27] Goodrich successfully convinced the New York court to enjoin Mann from prosecuting the Texas infringement action.[28] Later, Mann once again filed suit in Texas, alleging that Goodrich infringed a *different* patent: Mann's '821 patent.[29] Goodrich tried to amend its declaratory judgment complaint in New York to add the '821 patent but Mann successfully convinced the Texas court to enjoin that amendment.[30] The Fifth Circuit reversed the Texas court's injunction, concluding that because the '821 and '405 patents had "identical descriptive portions," the proof adduced in both cases would likely be identical, and that the same issues would be present in both actions.[31] Because the overall content of the two actions would overlap to a substantial degree, the Court reversed the injunction and ordered the district court to dismiss or transfer the Texas action to New York.[32]

The overlap of the two actions here is even more apparent than in *Mann* because the Kroger-Excentus Actions involve the same four patents, whereas the patent-at-issue in *Mann*, although based on an identical disclosure, was technically a different patent. As in *Mann*, the sources of proof for the four patents at issue here will be identical and the same issues will be present in both the Ohio and Texas Actions. Therefore, for the same reasons discussed in *Mann*, the Ohio and Texas Actions substantially overlap. Neither the existence of additional parties or

---

[25] *Mann*, 439 F.2d at 406–08.

[26] *Id.* at 405.

[27] *Id.*

[28] *Id.* at 406.

[29] *Id.*

[30] *Id.*

[31] *Mann*, 439 F.2d at 407.

[32] *Id.* at 408.

patents in the Ohio Action nor the existence of state law claims in the Texas Action changes the fact that two different courts are being asked to decide identical issues with respect to four patents, and Excentus admits that the remaining state law claims form the same "case or controversy."[33]

## IV.  CONCLUSION

Fifth Circuit precedent requires that where two actions substantially overlap—as do the Ohio and Texas Actions here—the first-filed court should determine which case should proceed. Excentus cites no contrary authority and never contends that it would be prejudiced by a stay; instead, Excentus invites this Court to ignore controlling authority and make decisions that would duplicate and/or preempt those currently pending before Judge Beckwith in the first-filed Ohio Action. For reasons of judicial efficiency and comity, Kroger respectfully requests that the Court follow the first-to-file rule and allow Judge Beckwith to decide which of the two actions should proceed.

---

[33] *See, e.g.*, *Third Dimension Semiconductor, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 6:08-CV-200, 2008 WL 4179234, at *1–2 (E.D. Tex. Sept. 4, 2008) (actions substantially overlap when they involve "closely related questions, common subject matter, or substantially overlapping core issues"); *Trinity Indus., Inc. v. 188 L.L.C.*, No. 3:02-CV-405, 2002 WL 1991082, at *2 (N.D. Tex. Aug. 27, 2002) (substantial overlap exists when cases would be consolidated if they had been filed in the same court—for example, breach of contract suits involving the same contract) (*citing Save Power*, 121 F.3d at 950; *Mann*, 439 F.2d at 408 n.6). *See also Whistler Group, Inc. v. PNI Corp.*, No. 3:03-CV-1536, 2003 U.S. Dist. LEXIS 21968, at *14 (N.D. Tex. Dec. 5, 2003) ("Piecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable. . . . By permitting two different courts to interpret patent claims, there is a heightened risk of inconsistent rulings which, in turn, promotes uncertainty and impedes the administration of justice.") (citations omitted).

Dated: May 4, 2010                                              Respectfully submitted,


                                                /s/Mark C. Howland
                                                Mark C. Howland
Texas State Bar No. 24027240
mchowland@jonesday.com
Mark J. Ziegelbein
Texas State Bar No. 24029923
mjziegelbein@jonesday.com

JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
Telephone:  (214) 220-3939
Facsimile:   (214) 969-5100

ATTORNEYS FOR DEFENDANT
THE KROGER CO.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the The Kroger Co.'s Reply in Support of Its Motion to Stay Pending the Ohio Court's Resolution of Which Case Should Proceed was filed via the Court's CM/ECF on May 4, 2010, and was served upon all counsel of record that have consented to electronic service via the Court's CM/ECF system.

/s/Mark C. Howland

DLI-6302713v4