**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| EXCENTUS CORPORATION, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 3:10-CV-483 |
| THE KROGER CO., | | |
| Defendant. | | |

**THE KROGER CO.'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

**I.      INTRODUCTION**

Excentus' Opposition ignores both its complaint and controlling legal principles.  For

example, Excentus asserts that its complaint does not allege "theft of trade secrets under Texas

criminal law"[1]  But the complaint alleges that "Kroger's conduct constitutes a violation of Texas

Penal Code § 31.05 (theft of trade secrets)."  Throughout its Opposition, Excentus ignores what

it actually stated in the complaint, instead referring to things that are not pleaded.  Similarly,

Excentus argues that a constructive trust "does not necessarily include a fraud component."[2]  But

in *Bradley*, the Fifth Circuit stated that fraud is "an ***essential element of a claim for a***

***constructive trust***."[3]  Although *Bradley* is raised in Kroger's motion, Excentus chooses to ignore

the law rather than explain the purported adequacy of its pleading under the correct legal

standard.

Contrary to Excentus' approach, the Court should only consider the pleading—not

allegations in Excentus' Opposition—in ruling on the motion to dismiss.  And when the pleading

---

[1] Excentus' Opp'n at 2.

[2] *Id.* at  5.

[3] *In re Bradley*, 501 F.3d 421, 432 (5th Cir. 2007) (emphasis added).

is viewed under the correct legal principles, Excentus' claims for misappropriation and theft of

trade secrets, common law misappropriation, and imposition of a constructive trust should be

dismissed.  The trade secrets claim(s) alleges that Kroger committed theft under the Texas Penal

Code ("TPC"), but does not identify any facts that constitute such a violation.  Further, the trade

secrets claim(s) fails to provide fair notice of what Kroger supposedly misappropriated.  The

common law misappropriation claim should be dismissed because Excentus' complaint (1) does

not identify facts to support its conclusory allegations that that extensive time, labor, skill, and

money were invested, and (2) and does not identify any product that was misappropriated.

Finally, the constructive trust claim should be dismissed because Excentus failed to plead fraud.

## II.   EXCENTUS' MISAPPROPRIATION AND THEFT OF TRADE SECRETS CLAIM(S) MUST BE DISMISSED BECAUSE IT FAILS TO PROVIDE FAIR NOTICE AS TO THE CLAIM BEING ASSERTED AND BECAUSE IT CONTAINS INSUFFICIENT SUPPORTING FACTS.

As pleaded, Excentus' "misappropriation and theft of trade secrets" allegations fail to

satisfy the notice pleading standard required by Federal Rule of Civil Procedure ("Rule") 8(a).

Excentus now attempts to use its opposition to clarify its deficient pleading, but the Court should

not look beyond the pleading itself to decide a motion to dismiss under Rule 12(b)(6).[4]

Excentus' Opposition ignores its own complaint.  For example, Excentus argues that

Kroger "misconstrues" Excentus' claim as alleging "theft of trade secrets."[5]  But the complaint

alleges (1)  "misappropriation *and* theft of trade secrets," and (2) that "Kroger's conduct

constitutes a violation of Texas Penal Code § 31.05 (*theft of trade secrets*)."[6]  Notwithstanding

its own complaint, Excentus now asserts that "theft of trade secrets" is the same thing as

---

[4] *See Reynolds v. Dallas Cty.*, No. 3:07-CV-00513-O, 2009 WL 2591192, at *2 (N.D. Tex. Aug. 21, 2009) ("In ruling on a motion to dismiss under 12(b)(6), the Court cannot look beyond the pleadings.") (*citing Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)).

[5] Excentus' Opp'n at 2.

[6] Excentus' First Am. Compl. at 10 (heading); *id.* ¶ 35 (emphasis added).

common law misappropriation of trade secrets.  That argument cannot be reconciled with

Excentus pleading "misappropriation **and** theft."

Apparently realizing that it failed to properly plead a violation of the Texas Penal Code

(TPC) as a basis for liability, Excentus now contends that it has alleged a violation of the TPC

"only as a basis for removing the cap on exemplary damages."[7]  Notably, both Excentus'

pleading and its opposition fail to cite any authority for the proposition that TPC § 31.05

exempts a common law misappropriation of trade secrets claim from the cap on exemplary

damages.  Moreover, even if such an exemption existed, as a predicate Excentus would have to

prove a violation of the TPC.  But as Kroger pointed out in its motion—which Excentus does not

dispute in its opposition—Excentus' complaint does not allege any facts that would constitute a

violation of the TPC.  Because this count purports to state a claim for theft of trade secrets, but

fails to plead sufficient facts to support such a claim—as Excentus concedes—Kroger

respectfully requests that this count be dismissed.

Moreover, to the extent that Excentus now seeks to recast this count as one for only trade

secret misappropriation under Texas common law, it has similarly failed to plead sufficient facts

to provide Kroger with fair notice of its claim.  In its complaint, Excentus alleges that the "Auto-

Gas systems, trade secrets, and confidential information involved virtually every aspect of its

fuel rewards products and business," and cites 12 extraordinarily broad categories of

information.[8]  It is impossible to discern which of these broad categories are actual "trade

secrets" as opposed to mere "Auto-Gas systems" or "confidential information."  Indeed, many of

---

[7] Excentus' Opp'n at 3.

[8] Excentus' First Am. Compl. ¶ 8.

these broad categories relate to the same general subject matter as the patents-in-suit, and under

Texas law, patented technology cannot also be accorded trade secret protection.[9]

Excentus similarly alleges that "[t]he Excentus systems, trade secrets, products and

programs, and confidential information involved virtually every aspect of its fuel rewards

products and business, including but not limited to" 13 broad categories of information.  Again,

it is impossible to ascertain which of these broad categories—much less, what supposed

information that would fall within any of these categories—constitute the alleged trade secrets,

and many of these categories also relate to the same subject matter as the patents-in-suit.

In short, Excentus' allegation that Kroger has somehow misappropriated "virtually every

aspect" of Excentus' fuel rewards product and business as well as "virtually every aspect" of the

fuel rewards product and business of an entirely different company (Auto-Gas) that it later

acquired fails to plead sufficient facts to provide Kroger with fair notice of the nature of the

claim(s).  For this reason as well, Excentus' count for "misappropriation and theft of trade

secrets" should be dismissed.

### III.   EXCENTUS' CLAIM FOR COMMON LAW MISAPPROPRIATION MUST BE DISMISSED BECAUSE EXCENTUS FAILED TO PLEAD THE EXISTENCE OF A TANGIBLE PRODUCT AND FACTS SHOWING "SWEAT EQUITY" IN DEVELOPING SUCH A TANGIBLE PRODUCT.

Although Excentus correctly states the elements for common law misappropriation under

Texas law, its pleading fails to identify any tangible product and any facts supporting "extensive

time, labor, skill, and money" used to develop such a tangible product.  Common law

misappropriation extends to almost any product, but not to ideas.[10]  Excentus disagrees and

misinterprets *U.S. Sporting Products, Inc. v. Johnny Stewart Games Calls, Inc.* as applying

---

[9] *Gaia Techs. Inc. v. Recycled Prods. Corp.*, 175 F.3d 365, 377 n.15 (5th Cir. 1999) (*citing Luccous v. J.C. Kinley Co.*, 376 S.W.2d 336, 340 (Tex. 1964)).

[10] *Synercom Tech. Inc. v. Univ. Computing Co.*, 474 F. Supp. 37, 43 (N.D. Tex. 1982) (holding that alleged misappropriation of input formats, instruction manuals, and related services was not protected under common law misappropriation because only products, not ideas, are covered).

common law misappropriation to ideas.[11]  However, *U.S. Sporting* involved the misappropriation

of animal sound ***cassette tapes***—a tangible product—not the ideas, such as the confidential

know-how, patented processes, business methodologies, plans, information, or technology that

might have been used to develop such cassette tapes.[12]  In affirming the judgment, the court

never held that ideas may be misappropriated, as Excentus contends.  Instead, the court

concluded that common law misappropriation recognizes a property right and that "[a]ppellants

could have refrained from using [Stewart's] ***tapes***."[13]  The court protected the development

efforts Stewart expended to create the tangible product—tapes of animal sounds—that were

unlawfully copied.

Excentus' last-ditch effort to save its deficient pleading by arguing that its fuel rewards

program is a "highly-technical, integrated product involving patented processes, tangible

computer hardware, software, and physical machinery," should be disregarded because no

tangible product was ***pleaded***.  As Kroger argued, and Excentus failed to dispute, Federal patent

law preempts any state causes of action based on patents and Federal copyright law preempts a

cause of action for Texas common law misappropriation based on software.[14]  The remaining

terms—"tangible computer hardware" and "physical machinery"—are irrelevant as they appear

---

[11] *See* Excentus' Opp'n at 4 (*citing U.S. Sporting Products, Inc. v. Johnny Stewart Games Calls, Inc.*, 865 S.W.2d 214, 218 (Tex. App.—Waco 1993, writ denied).  Excentus also cites *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 839 (5th Cir. 2004), for the contention that "a final product is not required before it can be misappropriated," but Excentus did not plead—and Kroger does not argue—that Excentus' alleged product is unfinished.  *See* Excentus' Opp'n at 4.

[12] *U.S. Sporting*, 865 S.W.2d at 216, 218 ("To get a satisfactory sample [of animal sounds, Stewart] would record an animal on several occasions. . . . [T]he sample of several seconds would be edited and 'looped' repetitiously to occupy a full-length cassette tape.  Hunters and photographers purchased Stewart's tapes and used them to draw animals into close range.  [Sporting Products] allegedly ***copied sounds from nineteen of Stewart's tapes*** and marketed them in competition with [Stewart].") (emphasis added).

[13] *Id.* at 218 (emphasis added).

[14] *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 231 (1964) (patent); *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772 , 779 (5th Cir. 1999) (copyright); *Aldridge v. The Gap, Inc.*, 866 F. Supp. 312, 313 (N.D. Tex. 1994) (copyright).

nowhere in Excentus' pleading.[15]   Because Excentus' pleading identifies only "Auto-Gas" and

"Excentus Trade Secrets"—business methodologies, plans, information, summaries, software,

and other information[16]—which are not "products" and do not qualify for protection under Texas

common law misappropriation, Excentus' claim should be dismissed.[17]   Furthermore, Excentus

fails to plead facts supporting its "sweat equity" argument with respect to any tangible product.

That is, Excentus' pleading contains a laundry list of "systems, trade secrets, and confidential

information," and then merely parrots in the claim that this information was created through

"extensive time, labor, skill, and money."[18]   Never does Excentus provide any factual support for

the amount of time, labor, skill or money spent on the recited laundry list of information, much

less any tangible product.[19]

## IV.    EXCENTUS' CLAIM FOR THE IMPOSITION OF A CONSTRUCTIVE TRUST MUST BE DISMISSED BECAUSE EXCENTUS IGNORES UNAMBIGUOUS FIFTH CIRCUIT LAW REQUIRING RULE 9 PLEADING.

Excentus' only argument that its constructive trust claim was properly pleaded is that it

need not meet the Rule 9 pleading standard.  But in order to arrive at the mistaken conclusion

that the more lenient Rule 8(a) pleading standard governs, Excentus sidesteps more relevant and

recent Fifth Circuit authority that specifically addressed the pleading requirements for a

constructive trust claim.  In *In re Bradley*, the Fifth Circuit analyzed the claimant's constructive

trust claim and affirmed its dismissal because the claimant "did not timely and properly plead or

---

[15] *See Reynolds*, 2009 WL 2591192, at *2.

[16] *See* Excentus' First Am. Compl. ¶¶ 8, 11.

[17] *See Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921, 938–39 (S.D. Tex. 2004) (discussing three distinct causes of action—misappropriation of a product, misappropriation of a trade secret, and misappropriation of an idea—the last of which is ***not*** recognized in Texas; concluding plaintiff's idea was not protected under Texas common law misappropriation) (*citing U.S. Sporting*, 865 S.W.2d at 214; *Synercom*, 474 F. Supp. at 37; *Universal City Studios v. Kamar Indus.*, 217 U.S.P.Q. 1162 (S.D. Tex. 1982)), *aff'd*, 129 Fed. App'x 874 (5th Cir. 2005).

[18] *See* Excentus' First Am. Compl. ¶¶ 8, 11, 38.

[19] Excentus' statement about the monthly payments Kroger made to Excentus during **patent licensing negotiations** is irrelevant as to whether Excentus properly alleged any "product" that Kroger has allegedly misappropriated and facts regarding the extensive time, money, skill, and effort used to develop that product.

attempt to plead **fraud**, which is an ***essential element of a claim for a constructive trust***."[20]   The

Fifth Circuit case that Excentus relies on—*In re Haber Oil*—was cited by *Bradley*, yet Excentus

inexplicably ignores *Bradley*, the more recent and relevant authority that Kroger raised in its

motion.[21]   Moreover, *Haber Oil* is inapposite because it dealt with allegations of "actual fraud"

in order to justify a constructive trust.  It  did not address constructive fraud, including the

"fiduciary relationship" that Excentus allegedly asserts here.  Similarly, the other Texas appellate

court case relied on by Excentus, *Smith v. Deneve*, did not address the pleading requirements for

a constructive trust claim—it merely analyzed whether a certain relationship was fiduciary.[22]

## V.      CONCLUSION

For the reasons set forth above, Excentus' count for "misappropriation and theft of trade

secrets" is deficient under Rules 8(a) and 12(b)(6).  Although Excentus attempts, through

opposition argument, to clarify its pleading, stating that it only alleges "common law

misappropriation of trade secrets," Excentus' pleading fails to provide sufficient notice of the

claim being asserted and also fails to allege sufficient grounds and facts to support the

applicability of Texas Penal Code § 31.05.

In addition, Excentus' claim for common law misappropriation is also deficient under

Rules 8(a) and 12(b)(6).  Excentus attempts to supplement its pleading by identifying a tangible

product in its opposition, but its pleading alleges only intangible information, which does not

qualify for protection under Texas common law misappropriation.

---

[20] *Bradley*, 501 F.3d at 432 (emphasis added).  *See also Estate of Merkel v. U.S.*, No. 3:06-CV-1891, 2009 U.S. Dist. LEXIS 8270, at *3–4 (N.D. Tex. Feb. 4, 2009) (denying request for constructive trust because plaintiff failed to establish or even allege ***actual or constructive fraud***) (*citing Bradley*, 501 F.3d at 432 (5th Cir. 2007); *Troxel v. Bishop*, 201 S.W.3d 290, 297 (Tex. App.—Dallas 2006, no pet.)); *Underwriters Group, Inc. v. Clear Creek Ind. Sch. Dist.*, No. 05-CV-334, 2006 U.S. Dist. LEXIS 47907, at *33 (S.D. Tex. June 30, 2006) (party seeking to impose a constructive trust must establish ***actual or constructive fraud***).

[21] *See Bradley*, 501 F.3d at 432 (*citing In re Haber Oil Co.*, 12 F.3d 426, 427 (5th Cir. 1994); *Meadows v. Bierschwale*, 516 S.W.2d 125, 128–29 (Tex. 1974); *In re Monnig's Dep't Stores, Inc.*, 929 F.2d 197, 201 (5th Cir. 1991)).  *See also* Kroger's Mot. at 7 n.38.

[22] *See Smith v. Deneve*, 285 S.W.3d 904, 911 (Tex. App.—Dallas 2009, no pet.).

Finally, Excentus' claim for the imposition of a constructive trust is deficient under Rule 9. A claim for constructive trust necessarily includes fraud, whether it be constructive (such as a breach of fiduciary relationship) or actual. Because Excentus has not pleaded either type of fraud in accordance with Rule 9, its claim for the imposition of a constructive trust must be dismissed.[23]

Dated: May 21, 2010                                    Respectfully submitted,


                                                       /s/Mark C. Howland
                                                       Mark C. Howland
                                                       Texas State Bar No. 24027240
                                                       mchowland@jonesday.com
                                                       Mark J. Ziegelbein
                                                       Texas State Bar No. 24029923
                                                       mjziegelbein@jonesday.com

                                                       JONES DAY
                                                       2727 North Harwood Street
                                                       Dallas, TX  75201-1515
                                                       Telephone:  (214) 220-3939
                                                       Facsimile:   (214) 969-5100

                                                       ATTORNEYS FOR DEFENDANT
                                                       THE KROGER CO.


DLI-6305958v5

---

[23] *See United States ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 329 (5th Cir. 2003) (Rule 9(b) "dictates" the dismissal of a fraud claim not pleaded with particularity).