IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXCENTUS CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| THE KROGER CO., | § § § | Civil Action No. 3:10-CV-483 |
| Defendant. | § § § § | |

**PLAINTIFF EXCENTUS CORPORATION'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff Excentus Corporation ("Excentus") files this Reply in Support of its Motion to Dismiss The Kroger Co.'s ("Kroger") Counterclaims II, IV, and VI pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**I.    INTRODUCTION**

Kroger's invalidity counterclaims directed to three of the asserted patents are conclusory and devoid of any supporting factual allegations so as to run afoul of federal pleading standards. Kroger admits that the law requires that its counterclaims rise to the level of providing fair notice. Kroger's Resp., Docket No. 17, at 2. Despite this admission, Kroger argues that it need not plead any facts, and that fair notice is only required at some point beyond the pleading stage. In refusing to plead any facts, Kroger attempts to interpret the local rules of this Court as circumventing the pleading requirements of the Federal Rules of Civil Procedure and Supreme Court precedent.

Excentus stands by its original Motion to Dismiss. In spite of Kroger's attempts to misapply the local rules, misquote the Appendix to the Federal Rules of Civil Procedure, and ignore controlling Supreme Court precedent, the fact remains that Kroger's pleading is insufficient to state a claim that is plausible rather than merely conceivable.

## II.   ARGUMENTS AND AUTHORITIES

Recent Supreme Court precedent has confirmed that there are limits to the "liberal" federal pleading standard. Because Kroger fails to allege any facts to support its invalidity-based counterclaims, these counterclaims run afoul of that Supreme Court precedent. Further, Kroger's counterclaims are not exempted from federal pleading requirements simply because local patent rules require more detailed invalidity contentions later in the case. As such, Kroger's counterclaims that are completely lacking any factual basis should be dismissed as a matter of law.

### A.   Kroger's Invalidity Counterclaims Do Not Provide Fair Notice of the Bases for Invalidity and Cannot Satisfy the Requirements of *Twombly* and Federal Rule 8(a)(2).

Kroger's counterclaims are insufficient to satisfy Federal Rule of Civil Procedure 8(a)(2). The requirements of Rule 8(a)(2) were delineated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). This Court has followed *Twombly* and recognized that "to survive a 12(b)(6) motion, the complaint must contain plausible grounds to show entitlement to relief, not just 'labels and conclusions.'" *Berry v. Indianapolis Life Ins.*, 608 F. Supp. 2d 785, 790 (N.D. Tex 2009) (Boyle, J.), *quoting Twombly*, 550 U.S. at 570. Further, this Court has noted that "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Berry*, 608 F. Supp. 2d at 790, *quoting Twombly*, 550 U.S. at 555. As noted in *Twombly*, "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. The Supreme Court

has further explained that a claim is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal v. Ashcroft*, 129 S. Ct. 1937, 1949 (2009), *citing Twombly*, 550 U.S. at 557.

Kroger's counterclaims do not meet the required standard. Kroger, in its counterclaims, states:

> "16. One or more claims of the '984 Patent are invalid for failure to comply with one or more provisions of the patent laws and regulations of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 256."
>
> * * *
>
> "22. One or more claims of the '128 Patent are invalid for failure to comply with one or more provisions of the patent laws and regulations of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 256."
>
> * * *
>
> "27. One or more claims of the '081 Patent are invalid for failure to comply with one or more provisions of the patent laws and regulations of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 256."

Kroger's Counterclaims, Docket No. 6, at 15-17.

Kroger provides no factual basis and uses the same formulaic statement for each of its three counterclaims of invalidity.

In responding to Excentus' Motion to Dismiss, Kroger argues that Excentus asks for a higher pleading standard from Kroger than Excentus itself provides. That is not the case. Excentus states facts to demonstrate its claims are plausible, rather than conceivable. Excentus' allegations state a valid patent, identify the infringed claims, and specify a product that infringes the claims. Meanwhile, Kroger's counterclaims merely allege that Excentus' patents are invalid under a series of different statutes. Kroger does not identify a single potentially invalidating

3

reference, error, or omission with respect to the patents. Where Excentus' complaint provides Kroger with the opportunity to evaluate its product in light of an asserted patent claim, Kroger's counterclaims provide no such opportunity to Excentus. Instead, Excentus is left to guess why its patents are invalid, despite the presumption of validity granted to them by the United States Patent and Trademark Office. Under Supreme Court precedent, this is unacceptable. Because Kroger refuses to plead facts, contrary to the requirements of *Twombly,* Kroger's complaint inappropriately remains in the realm of the conceivable, rather than the plausible. *See Twombly* 550 U.S. at 570. Excentus' Motion to Dismiss does not demand a heightened pleading standard, but instead asks that Kroger meet the same standard to which Excentus' claims are held.

Kroger also argues that it has followed Federal Rule of Civil Procedure Appendix Form 30, and thus has adequately pleaded its case. But even in light of Form 30, Kroger's invalidity pleadings are inadequate. Form 30 states: "Set forth any counterclaim in the same way a claim is pleaded in a complaint."[1] Fed. R. Civ. P., App'x Form 30 ¶ 7. However, unlike patent infringement, there is no exemplary claim for patent invalidity. Therefore, the Court must look to *Twombly* in attempting to evaluate the sufficiency of Kroger's counterclaims. As stated, Kroger's counterclaims provide nothing more than a formulaic recitation of statutory provisions. Kroger's conclusory statements do not include a single fact and ignore the pleading mandates set forth in *Twombly* and *Iqbal*. Therefore, even in light of Form 30, because *Twombly* requires at least some facts, Kroger's counterclaims cannot be considered sufficient.

---

[1] Kroger misquotes Form 30—arguing that the counterclaim should be pleaded "in the same way a claim is pleaded in ***the*** [sic] complaint." By swapping *a* for *the*, Kroger attempts to make the requirement relative to Excentus' pleadings. The standard, however, is not relative—all claims and counterclaims are held to the same standard. That said, even if the standard were relative to the complaint in this case, Kroger has not sufficiently pleaded its counterclaims. In fact, were the standard relative, Kroger's burden would be higher because Excentus has pleaded several facts, including which patents are at issue, which product is infringing, and the specific claims that are infringed.

### B. The Presence of Local Patent Rules Does Not Negate the Requirements of the Federal Rules Of Civil Procedure.

The existence of local rules does not negate the effect of *Twombly*, nor does it modify the pleading standard of Federal Rule of Civil Procedure 8(a)(2). Kroger contends that this Court should ignore the rulings of several district courts that have held that invalidity counterclaims pleaded without facts (in the same form as those pleaded by Kroger) cannot survive a Rule 12(b)(6) motion. *See* Excentus' Mtn., Docket No. 13, at 3. Kroger argues this Court should rule Kroger's claims are sufficient because two of Kroger's cases, although unreported, involve district courts with "significant patent experience" that have their own local patent rules. Simply because a court has tried a patent case or that local patent rules exist, however, does not eliminate the federal pleading standard, nor does it overturn Supreme Court precedent. Furthermore, the local patent rules in this district are meant to be harmonious with the Federal Rules of Civil Procedure. *See, e.g.*, Miscellaneous Order No. 62, ¶ 2-5 (providing that discovery requests are not limited to preliminary infringement contentions or preliminary invalidity contentions, but are governed by the Federal Rules of Civil Procedure).

Additionally, although the local patent rules require that invalidity contentions be provided 45 days after preliminary infringement contentions are served, nothing in Miscellaneous Order No. 62 ¶ 3-3 (or any other paragraph) suggests that Federal Rule of Civil Procedure 8(a)(2) is inapplicable. Kroger cites to an Eastern District of Texas case and surmises that because the local patent rules require detailed invalidity contentions, it is illogical to require that facts be pleaded in Kroger's invalidity counterclaims. However, although the preliminary invalidity contentions require a significant, detailed showing, it is not illogical to also require that at the outset, at least some facts be pleaded. That is what is required by *Twombly* and *Iqbal*— that Kroger's claims be nudged from the conceivable to the plausible through the use of facts.

*See Twombly*, 550 U.S. at 570. Furthermore, to extend Kroger's "logic" would allow excessively vague pleadings of infringement claims because the local patent rules require service of preliminary infringement contentions early in the case. The adoption of the Kroger pleading standard would lead to the absurd result that plaintiffs need not specify infringing products or infringed patents in their initial complaint. The inference cannot be drawn. The requirement of invalidity contentions does not and cannot logically bear on the requirement that Kroger's counterclaims must be pleaded with at least some facts.

### III.   CONCLUSION

Kroger failed to allege *any* facts to support its conclusory statements that the patents-in-suit are invalid and thus has failed to meet the pleading standard set forth by the Supreme Court in *Twombly* and *Iqbal*. The local patent rules cannot be interpreted to abrogate the federal pleading standard as Kroger has attempted to do—Kroger is required to meet the same pleading standard as Excentus and any other party asserting a claim in federal court. Accordingly, Kroger's declaratory judgment claims for invalidity (Counterclaims II, IV, and VI) should be dismissed for failing to state a claim upon which relief can be granted.

Dated: May 27, 2010            Respectfully submitted,

       /s/ Brett C. Govett
         Brett C. Govett
         State Bar No.  08235900
         bgovett@fulbright.com
         Karl G. Dial
         State Bar No.  05800400
         kdial@fulbright.com
       2200 Ross Avenue, Suite 2800
       Dallas, TX  75201-2784
       Telephone:  (214) 855-8000
       Facsimile:  (214) 855-8200

       COUNSEL FOR PLAINTIFF
       EXCENTUS CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service in compliance with Local Rule 5.1(f) are being served with a notice of electronic filing of this pleading via the Court's CM/ECF system in compliance with Federal Rule of Civil Procedure 5 and Local Rule LR 5.1.

       */s/ Brett C. Govett*
       Brett C. Govett