UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| EXCENTUS CORPORATION, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3: 10-CV-0483-B |
| THE KROGER CO., | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Stay (doc. 8)(the "Motion"), filed March 31, 2010. For the reasons that follow, the Court **GRANTS** the Motion and **STAYS** all proceedings pending the Ohio Court's decision on which civil action should proceed first.

### I.

### BACKGROUND

On March 9, 2010 at 4:09 PM Eastern Time, in the Southern District of Ohio, The Kroger Co. ("Kroger") filed a complaint against Excentus Corporation ("Excentus") seeking a declaratory judgment that Kroger has not infringed eight patents owned by Excentus, specifically U.S. Patent Nos. 6,321,984 ('984 patent); 6,332,128 ('128 patent); 6,732,081 ('081 patent); 6,741,968; 6,778,967, 6,885,996; 7,383,204 ('204 patent); and 7,653,571. Two hours and six minutes later, at 5:15 PM Central Time, Excentus initiated this civil action alleging that Kroger has infringed and will continue to infringe the '984, '128, '081, and '204 patents. (Pl.'s First Am. Compl. 7-10.) Both cases stem from months of licensing discussions between the parties related to the Excentus patent

1

portfolio, beginning in October of 2008. (Def.'s Mot. to Stay 24.) On March 3, 2010, these discussions came to an end with a licensing letter from Excentus to Kroger, which Kroger rejected by allowing the response date to pass. *Id.*

On March 31, 2010, Kroger moved the Ohio court to enjoin this case on the grounds that proceeding in the Ohio court alone would serve the interests of comity and judicial efficiency and adhere to the first-to-file rule as applied by the Federal Circuit in patent infringement cases. *Id.* at 22. On the same date, Kroger filed the instant Motion to Stay in this Court. It argues that because the Ohio action was filed first, and there is substantial overlap between the two cases, the Court should apply the first-to-file rule and stay this case pending the Ohio court's decision on which action should proceed first. The Court has considered the arguments and evidence presented by the parties and now turns to the merits of its decision.

## II.

## LEGAL STANDARD

The Fifth Circuit adheres to the "first-to-file" rule, which holds that when two related cases are pending in two district courts, the court with the later-filed action can refuse to hear the case if the issues raised by both cases "substantially overlap." *The Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The principles of comity and sound judicial administration underlie the rule, the aim of which is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (internal quotations omitted). Once the court in the later-filed action finds the issues involved are likely to substantially overlap, it is up to the first-filed court to resolve the question of whether both cases

2

should proceed. *Mann Mfg., Inc. v. Hortex, Inc.* 439 F.2d 403, 408 (5th Cir. 1971); *Save Power Ltd.*, 121 F.3d at 950 (stating that "[t]he crucial inquiry is one of substantial overlap."). Thus, this Court must decide whether the issues involved in the Ohio action are substantially similar to those involved in this case. *Save Power Ltd.*, 121 F.3d at 950.

Substantial overlap between the cases does not require that the parties and issues be identical. *Id.* However, the two actions "must involve closely related questions or common subject matter[.]" *Rooster Prod. Int'l, Inc. v. Custom Leathercraft Mfg. Co.,* No. SA: 04-CA-864-XR, 2005 WL 357657, *2 (W.D. Tex. Feb. 1, 2005); *see also West Gulf Maritime Assoc. v. ILA Deep Sea Local 24*, 751 F.2d 721 (5th Cir. 1985). A court's power to stay proceedings is appropriate in rare circumstances, requiring a party to show that the "current litigation is duplicative of litigation in another court." *Amni Innovation Corp. v. Classic World Imports, Inc.*, No.Civ.A.3:04-CV-1218-B, 2005 WL 65611, *1 (N.D. Tex. Jan. 12, 2005). Thus, the cases in each district "should be more than merely related". *Buckalew v. Celanese, Ltd.*, No. Civ. A. G-05-315, 2005 WL 2266619, *3 (S.D. Tex. Sept. 16, 2005); *see also Save Power Ltd.*, 121 F.3d at 948-49 (holding that there was substantial overlap when both the original suit and subsequent action centered on the interpretation of a provision in the same agreement).

## III.

## ANALYSIS

Through the complaint currently pending before the Ohio court, Kroger seeks a declaratory judgment stating that it has not infringed Excentus' patents nos. '984, '128, '081, and '204, as well as four other patents. Here, in direct opposition to that declaratory judgment action, Excentus alleges Kroger has infringed and will continue to infringe patent nos. '984, '128, '081, and '204, and

3

that it should be held in violation of three closely related state laws.[1] The question presented by Kroger's Motion to Stay is whether Excentus's claims are such that they substantially overlap with the declaration of non-infringement claim at issue in the Ohio action. Despite Excentus's arguments to the contrary, this Court finds substantial overlap between the two actions.

The crux of the case before this Court is whether Kroger has infringed and will continue to infringe on Excentus's patent nos. '984, '128, '081, and '204. Still, Excentus argues that the three additional claims in its First Amended Complaint so change the nature of the case that it no longer substantially overlaps the issues in the Ohio case. The Court disagrees. On March 31, 2010, the same day Kroger filed the instant Motion to Stay, Excentus amended its Original Complaint to add causes of action for misappropriation and theft of trade secrets, common law misappropriation, and imposition of a constructive trust. (Excentus' First Am. Compl. 10-12.) However, these three state law claims do not significantly alter the critical question in both cases, which is whether Kroger is guilty of patent infringement. In fact, Excentus itself concedes that the non-patent infringement claims are "so related to the patent infringement claims that they form the same case or controversy under Article III of the United States Constitution." (Excentus First Am. Compl. 1-2.)

Further, the fact that there are additional parties in the Ohio case does not change the fundamental issue involved. The first-to-file rule does not require the exact identity of the parties; instead, application of the rule turns on which court first obtains possession of the dispute, not the parties to the dispute. *Save Power Ltd.*, 121 F.3d at 951. Joining Kroger subsidiaries to the Ohio action does not change the analysis.

---

[1]As mentioned above, these state laws are Misappropriation and Theft of Trade Secrets, Common Law Misappropriation, and Imposition of a Constructive Trust.

Next, Excentus argues that the first-to-file rule should not apply in this situation because the difference in time between the filing of the two suits was only two hours and six minutes. It contends that this level of "temporal proximity" provides no meaningful distinction between the two filings. (Pl.'s Resp. to Def.'s Mot. to Stay 1-2.) The case law does not support this view. *See, e.g., Eastman Med. Prods. Inc. v. Squibb & Sons, Inc.,* 199 F.Supp. 2d 590, 595 (N.D. Tex. 2002) (stating that even though the cases in two different district courts were filed "almost simultaneously," the first-to-file rule was no less important than if they had been filed further apart). Even when the difference in filing time between two overlapping cases filed in two different district courts is minimal, the first-to-file rule still applies.

The Fifth Circuit has, however, recognized certain exceptions to the first-to-file rule. For example, filing an action for declaratory judgment in direct anticipation of being sued often negates the rule. *See Paragon Indus., L.P. v. Denver Glass Mach., Inc.,* Civ. A. No. 3:07-CV-2183-M, 2008 WL 3890495 (N.D. Tex. Aug. 22, 2008) (stating that courts will generally not allow a party to select its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit involving the same issues in a different forum). The reasoning underlying this exception is that anticipatory filing in order to avoid litigation by the defendant deprives the "true plaintiff" of his right to select the proper forum. *Id.* at 7.

Still, in *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 391-392 (5th Cir. 2003), the Fifth Circuit found that although it has traditionally frowned upon anticipatory declaratory judgement suits and on "forum shopping," those precise labels "cannot be liberally applied." It reasoned that declaratory judgment actions are inherently anticipatory. Thus, merely filing a declaratory judgment action in a federal court with jurisdiction to hear it in anticipation of other litigation, as Kroger is

alleged to have done in Ohio, is not in itself improper anticipatory litigation or otherwise abusive "forum shopping." *Id.* The Fifth Circuit found that the question is whether the declaratory judgment lawsuit was filed for an "improper or abusive" reason. *Id.* at 391.

The Court has considered this issue carefully and finds that the evidence is insufficient to show that Kroger filed a suit in Ohio for an "improper or abusive" reason. Kroger did not initiate the Ohio suit until four days after Excentus' licensing offer deadline passed and the negotiations between the parties had concluded. (Def.'s Resp. 2.) Further, it was Kroger that informed Excentus about its lawsuit leading Excentus to file its own suit before this Court. Under these circumstances, it is unclear whether Kroger anticipated being sued by Excentus at all and Excentus has not provided sufficient evidence to support its claim. As such, the Court does not find that the declaratory judgment action before the Ohio court is an anticipatory suit.

Avoiding piecemeal litigation in the "complex and technical area of patent and trademark law" is desirable. *Wolf Designs, Inc. v. Donald Mcevoy Ltd., Inc.*, 341 F. Supp. 2d 639, 645 (N.D. Tex. Oct. 15, 2004) (citing *Whistler Group, Inc. v. PNI Corp.*, 2003 WL 22939214, *5 (N.D. Tex. Dec. 5, 2003) ("The interest of justice may dictate [a stay] to prevent an extravagantly wasteful and useless duplication of time and effort of the federal courts by the simultaneous trial of two complex and elaborate cases involving substantially the same factual issues"). In this case and the case before the Ohio court, the main issue centers on whether Kroger infringed certain patents owned by Excentus. If both of these actions were to proceed simultaneously, there would be a "heightened risk of inconsistent rulings which . . . promotes uncertainty and impedes the administration of justice." *Wolf Designs, Inc.*, 341 F. Supp. 2d at 645 (citation omitted). The complexity and technical nature of patent litigation makes it especially problematic to have two different courts interpreting the same

claims. A stay will prevent unnecessary duplication of effort and inconsistent rulings.

Accordingly, and in light of the substantial overlap between the two cases as filed, the Court will stay the proceedings until after the Ohio Court makes a decision on which action should proceed. This Order says nothing about the merits of either case, or whether the Northern District of Texas or the Southern District of Ohio is a more appropriate venue for a trial. However, this result best serves the interests of judicial economy, avoids rulings which may trench on the Ohio court's authority, and avoids piecemeal resolution of issues between the parties.

### III.

### CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion for Stay of All Proceedings pending the Ohio court's decision on which action should proceed. The parties are directed to file joint written reports on the status of the Ohio proceedings on October 15, 2010.

**SO ORDERED.**

**SIGNED September 16, 2010.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE